NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-724

COMMONWEALTH

vs.

DAMIAN RODRIGUEZ.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Superior Court, the defendant, Damian Rodriguez, appeals from his convictions of two counts of aggravated rape of a child under the age of sixteen[1] and two counts of indecent assault and battery on a child under the age of fourteen.[2]  These crimes occurred on two different dates in September 2019, one or two weeks apart, when the victim was seven years old and the defendant, who was the father of the victim's younger sister, was regularly in her home.  The

_____

[1] The aggravating factor was the age difference of more than five years between the defendant and the victim.  See G. L. c. 265, § 23A (a).

[2] The defendant moved successfully for required findings of not guilty on two additional charges.

defendant's appeal centers on testimony that the victim reported the later of the two sexual assaults to two people -- her babysitter and, later the same night, her mother. The babysitter was the designated first complaint witness for the second sexual assault. Because we are satisfied that no substantial risk of a miscarriage of justice resulted from any error in the admission of the victim's testimony about a second report, we affirm the defendant's convictions.

Discussion. "Pursuant to the first complaint doctrine, we 'no longer permit in evidence testimony from multiple complaint witnesses, limiting the testimony to that of one witness' who, where feasible, will be the first person told of the sexual assault." Commonwealth v. Aviles, 461 Mass. 60, 67-68 (2011), quoting Commonwealth v. King, 445 Mass. 217, 242-243 (2005), cert. denied, 546 U.S. 1216 (2006). "A complainant, as well as the first complaint witness, may testify as to the details of the complaint itself and why the complaint was made at that particular time." Commonwealth v. McCoy, 456 Mass. 838, 845 (2010). "What the [alleged victim] may not do, however, is testify to the fact that she 'told' others, apart from the first complaint witness, about the sexual assault," Aviles, supra at 68, at least absent an independent basis for the admissibility of that evidence, see Commonwealth v. Arana, 453 Mass. 214, 220-221 (2009).

Here, the victim testified to two instances in which the defendant sexually abused her. As to the second instance, the victim testified that she initially told the babysitter, who was in the home at the time of the abuse, that the defendant had touched her and then, after the babysitter called the victim's mother back to the family's home, she "told her [mother] what happened." Because, in this case, the defendant did not object to the evidence he now challenges, we review the record for a substantial risk of a miscarriage of justice, asking,

> "(1) Was there error? . . . (2) Was the defendant prejudiced by the error? . . . (3) Considering the error in the context of the entire trial, would it be reasonable to conclude that the error materially influenced the verdict? . . . [and] (4) May we infer from the record that counsel's failure to object or raise a claim of error at an earlier date was not a reasonable tactical decision?"

McCoy, 456 Mass. at 850, quoting Commonwealth v. Randolph, 438 Mass. 290, 298 (2002).

On direct examination, the victim testified, as expected, that after the second sexual assault, she told her babysitter that the defendant touched her. The prosecutor's subsequent questions established that the babysitter called the mother and that the mother returned home; the prosecutor then asked, "What happened when your mom came home?" The victim answered, "I told her what happened." Although we are confident that the prosecutor did not intentionally elicit evidence of the victim's second complaint about the sexual assault after testimony about

3

her first complaint,[3] the jury should not have heard that she made the second report; the admission of that evidence was error.[4]  See McCoy, 456 Mass. at 847.  See also Commonwealth v. Stuckich, 450 Mass. 449, 457 (2008) (repetition of victim's complaint creates risk of unfair bolstering of victim's credibility, even where details of complaint are omitted).

We are not, however, persuaded that the defendant was prejudiced by the error, and we infer that counsel's lack of objection was the result of a reasonable tactical decision.  See McCoy, 456 Mass. at 852-853.  In this case, as in McCoy, "[t]he main issue in [the] trial was the credibility of the victim." Id. at 850-851.  Evidence that the victim, a child, told both her babysitter and her mother about the second sexual assault on the same evening that the sexual assault took place was unlikely to do much to bolster the victim's credibility in the eyes of the jury.  Indeed, defense counsel elicited the same testimony from the victim on cross-examination by asking the victim whether the babysitter had told the mother "what happened" when the babysitter called the mother and told her to return home.

---

[3] The prosecutor did not ask the victim any follow-up questions about the report she made to her mother about the second sexual assault.

[4] In its brief, the Commonwealth concedes it was error to allow the jury to hear that testimony.

4

The victim confirmed that the babysitter had done so. On cross-examination of the mother, defense counsel then elicited the mother's admission that despite the arrival of the police shortly after she heard the victim's report of the second sexual assault, the mother did not report the child's complaint to the police officers. Defense counsel used the mother's testimony effectively in his summation to suggest that the victim's account was not credible, even to her mother.

We conclude that the evidence of the victim's second report of the second sexual assault lent little to the Commonwealth's argument; rather, it played into the defense's theory of the case and was used to the defendant's advantage. See McCoy, 456 Mass. at 853; Commonwealth v. Hanino, 82 Mass. App. Ct. 489, 495-496 (2012). That the strategy was ultimately unsuccessful does not change our view that it was a reasonable tactical decision. See Commonwealth v. McCormick, 48 Mass. App. Ct. 106, 112-113 (1999) (holding defense counsel's tactical decisions reasonable despite conviction).

Because we discern no harm to the defendant flowing from the admission of evidence of the victim's second report of the defendant's second sexual assault, we discern no substantial

risk that justice miscarried.  See McCoy, 456 Mass. at 850-851.

Accordingly, we affirm the defendant's convictions.

Judgments affirmed.

By the Court (Henry, Hand &
  Brennan, JJ.[5]),

Clerk

Entered:  October 21, 2025.

---

[5] The panelists are listed in order of seniority.